IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FIDELITY & GUARANTY LIFE
INSURANCE COMPANY,
a foreign corporation,

    Plaintiff,

vs.                       1:23-cv-00731-DHU-LF

FLORENCE DENISE SHIPMAN,
deceased, also known as Florence
Denice Lopez, estate of Florence
Denise Shipman,
REYNALDO ENCINIAS,
an individual, also known as
Ray Encinias,
JOEL WILLARD SHIPMAN, SR.,
an individual,

    Defendants.

**MEMORANDUM ORDER GRANTING LEAVE TO DEPOSIT FUNDS**

  THIS MATTER comes before the Court on Plaintiff Fidelity & Guaranty Life Insurance Company's Motion for Interpleader Deposit (28 U.S.C. § 1335) (Doc. 20). Having considered Plaintiff's Motion and Complaint (Doc. 1) and the relevant law, the Court finds that the Motion should be GRANTED.

  Federal law provides two means through which a party can bring an action in interpleader: Section 1335, 28 United States Code, is the basis for 'statutory interpleader,' while Federal Rule of Civil Procedure 22 is the basis for 'rule interpleader.' *See generally* 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1703 (3d ed.). These bases differ primarily in their jurisdictional requirements. *See id.* Section 1335 requires minimal diversity between interpled defendants and requires that the amount in

controversy—at least $500—be deposited with the court by the interpleading plaintiff. *See* 28 U.S.C. § 1335(a); *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530–31 (1967) (holding that only minimal diversity is required for statutory interpleader). Rule 22, on the other hand, does not create jurisdiction and so requires that the interpleading plaintiff demonstrate an independent basis for jurisdiction—generally, diversity jurisdiction under 28 U.S.C. § 1332. *See Arnold v. KJD Real Est., LLC,* 752 F.3d 700, 704 (7th Cir. 2014) (citations omitted).

Plaintiff's Complaint in Interpleader properly cites Rule 22 as the basis for this action and demonstrates that the Court may exercise diversity jurisdiction. Doc. 1 at 2. Plaintiff is a citizen of Nevada, while both interpled defendants are citizens of New Mexico. *Id.* There is no diversity between defendants, and thus no basis for statutory interpleader and no requirement that Plaintiff deposit funds with the Court. Nonetheless, Plaintiff has filed a motion to deposit funds with the Court with the apparent intention to comply with 28 U.S.C. § 1335 and District of Nevada Local Rule 67-1, which stipulates that a party must obtain an order from the Court before depositing funds. *See* Doc. 20; D. Nev. LR-Civ. 67-1. The Local Rules in this district contain no such requirement. *See* D.N.M.LR-Civ 67.1. However, the Federal Rules do require that Plaintiff "may deposit with the court" only "on notice to every other party and by leave of court." FED. R. CIV. P. 67(a). Likewise, although Plaintiff is not *required* to deposit funds under Rule 22, it is not barred from doing so. *See* WRIGHT, MILLER, & KANE, *supra*, § 1716 ("the general equitable powers of the court permit it to receive a deposit and to discharge the stakeholder if the stakeholder in fact is indifferent.").

The Court therefore construes Plaintiff's motion as a motion under Federal Rule of Civil Procedure 67 ("Deposit Into Court") rather than a motion under 28 U.S.C. § 1335. The Court may properly accept deposits under this Rule so long as the ultimate disposition of the deposited

funds is "genuinely in dispute." *See Alstom Caribe, Inc. v. George P. Reintjes Co.*, 484 F.3d 106, 113 (1st Cir. 2007) (citing *Gulf States Utils. Co. v. Ala. Power Co.*, 824 F.2d 1465, 1475 (5th Cir.1987)). Plaintiff's complaint makes clear that this is the case: Plaintiff, a life insurance company, filed this action in response to the defendants' competing claims to the proceeds of a policy. Doc. 1 at 3–4. Nothing in the record indicates that the dispute over the proceeds has been resolved. Plaintiff's deposit therefore is proper, and the Court GRANTS the motion.

IT IS THEREFORE ORDERED that Plaintiff Fidelity & Guaranty Life Insurance Company shall be permitted to deposit $278,439.34 in the form of a check made payable to Clerk, United Stated District Court, District of New Mexico, pursuant to FED. R. CIV. P. 67, within ten days of this order.

_____
Laura Fashing
United States Magistrate Judge