IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FIDELITY & GUARANTY LIFE
INSURANCE COMPANY,**

    **Plaintiff,**

v.                                                                                       1:23-cv-00731-DHU-LF

**FLORENCE DENISE SHIPMAN et al.,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Reynaldo Encinias' Motion for Summary Judgment. (Doc. 27). Plaintiff Interpleader Fidelity & Guaranty Life Insurance Company ("Fidelity") brought a complaint in interpleader regarding Decedent Florence Shipman's ("Decedent") life insurance policy. (Doc. 1). The complaint notes the competing claims against the policy's life insurance benefits submitted by Reynaldo Encinias ("Encinias"), Decedent's former romantic partner, and Joel Shipman ("Shipman"), Decedent's husband at the time of her death. Defendant Encinias now moves this Court for summary judgment with respect to his claim on the policy proceeds pursuant to Fed. R. Civ. P. 56. (Doc. 27). For the reasons set forth below, the Court **DENIES** the motion.

### I. FACTS AND PROCEDURAL BACKGROUND

*The Policy*

Defendant Encinias and Decedent were in a romantic relationship from 2002 to 2016 but were never legally married. (Undisputed Material Fact ("UMF") ¶4). In 2006, Decedent purchased

1

a life insurance policy from Fidelity. (UMF ¶1).[1] On the application for the policy, Decedent identified the primary beneficiary of the insurance proceeds as "Ray Encinias (spouse) 100%." (UMF ¶ 2). In 2016, the relationship between Decedent and Encinias dissolved. (*Id.*)

Thereafter, Decedent entered a relationship with Defendant Shipman. On a Change of Beneficiary Form dated December 21, 2016, Decedent attempted to change her beneficiary from Encinias to Shipman. (Doc. 39, Ex. 3).[2] In a sworn affidavit, Shipman states that Decedent mailed this form to Fidelity. (*Id.* at ¶6). Decedent and Shipman married on May 14, 2022. (UMF ¶5). Decedent died on October 10, 2022. (UMF ¶6).

*The Interpleader Action*

Following Decedent's death, both Encinias and Shipman made competing claims for her policy's $250,000 death benefit. (UMF ¶ 8). Fidelity received a claim from Encinias stating that he and Decedent "were 'common law married for 14 years ending in September 2016,' and therefore there was no divorce decree or property settlement agreement between them after the relationship ended," which meant that he was still the beneficiary of Decedent's life insurance policy. (Doc. 1 at ¶ 16). On or about December 2, 2022, Fidelity received a copy of Letters of Administration naming Shipman as personal representative for the Estate of Decedent. (*Id.* at ¶19). Shipman claimed that Decedent had, while she was alive, changed the beneficiary of her life

---

[1] All of the following facts in this section are either undisputed or taken in the light most favorable to the non-moving party, Defendant Shipman. *See Simms v. Okla. Ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999) (The Court must "view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party.").

[2] The Court understands that Encinias denies this fact. However, the Court has been presented with a copy of this form and thus draws the reasonable inference for the non-moving party that Decedent did fill out this form. *See Simms,* 161b F.3d at 1326.

insurance policy to Shipman. On or about March 28, 2023, due to these competing claims, Fidelity sent a letter to Encinias and Shipman notifying them that adverse claims existed to the proceeds under the policy. (*Id.* at ¶21). Encinias and Shipman were given the opportunity by Fidelity to reach an agreement about the proper distribution or division of the proceeds. (*Id.*). Encinias and Shipman were not able to come to an agreement.

On August 30, 2023, Fidelity filed a complaint in interpleader against Decedent's estate, Shipman and Encinias. (Doc. 1). Fidelity then placed the disputed $250,000 into the Court's registry. (Doc. 25-1). On January 31, 2024, Fidelity filed an unopposed motion to dismiss them from the action. (Doc. 25). The Court granted that motion on April 12, 2024, and dismissed Fidelity. (Doc. 37).

*Motion for Summary Judgment*

Defendant Encinias filed his Motion for Summary Judgment on February 7, 2024. In his motion, Encinias primarily argues that he is the correct beneficiary of the life insurance policy because a) he is still listed as the beneficiary by Fidelity, and b) he and Decedent never married, therefore New Mexico's Revocation-by-Divorce statute, N.M. Stat. Ann. §45-2-804, does not apply and he remains the correct beneficiary.

In his response, Shipman argues that the Revocation-by-Divorce statute *does* apply and it terminates Encinias' interest in the life insurance policy benefits.[3] Shipman also argues that

---

[3] The New Mexico statute provides:

> B. Except as provided by the express terms of a governing instrument, a court order or a contract relating to the division of the marital estate made between the divorced individuals before or after the marriage, divorce or annulment, the divorce or annulment of a marriage:
>     (1) revokes any revocable:
>         (a) disposition or appointment of property made by a divorced individual to the former spouse in a governing instrument and any disposition or appointment

3

Decedent changed her beneficiary in writing by completing Fidelity's Change of Beneficiary Form in December 21, 2016, and that if the Court finds the change defective for any reason, it should give effect to the Decedent's intent to change the beneficiary and hold that equity requires the Court to find that Shipman is the rightful beneficiary.

In his reply brief, Encinias argues that the Fidelity policy requirements for changing beneficiaries was not satisfied here. More specifically, the policy requires that "while the Insured is alive [they] may change the Beneficiary and any Contingent or irrevocable Beneficiary by Written Request." (Doc. 34 at 3; Doc. 1-2 at 8). The term "written request" is defined as a "request written to [Fidelity] and received by [Fidelity]. That request must be signed, dated, and notarized (if required by the form) on a form satisfactory to us." (Doc. 1-2 at 9). Encinias argues that these requirements were not met, as Fidelity has confirmed that it has no record of a form requesting a change of beneficiary. (Doc. 27-2 at 3). Moreover, Encinias believes that the doctrine of substantial compliance does not apply because the Decedent "did not do all that was within her power to complete the transaction." (Doc. 34 at 4).

## II. LEGAL STANDARDS

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986) (The moving party has the initial burden of demonstrating "the absence of a

---

        created by law or in a governing instrument to a relative of the divorced individual's former spouse;

N.M. Stat. Ann. §45-2-804B(1)(a).

The Court finds it unnecessary to further consider the statute, as the arguments concerning its applicability to this case were almost entirely abandoned by the parties at the May 6, 2024, hearing. The Court notes, however, that the plain text of the statute clearly requires there to have been a legal marriage and then a divorce for the statute to be invoked. *See id.*

4

genuine issue of material fact"). A fact will be determined to be material "if it can have an impact on the outcome of the lawsuit and genuine if a rational jury could find in favor of the non-moving party based on the evidence presented." *New Mexico Oncology & Hematology Consultants, Ltd. V. Presbyterian Healthcare Servs.,* 994 F.3d 1166, 1171 (10th Cir. 2021). If the movant can make a showing that there is no genuine dispute of material fact, "the non-moving party must make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Sec. & Exch. Comm'n v. GenAudio Inc.*, 32 F.4th 902, 920 (10th Cir. 2022) (internal quotations omitted). At the summary judgment stage, it is the Court's duty to determine if there is a genuine issue for trial. *See Tolan v. Cotton*, 572 U.S. 650, 656, 134 S. Ct. 1861 (2014).

### III. ANALYSIS

The parties have stipulated that New Mexico insurance law controls the issues in this case. (Doc. 12 at 4).[4] Under New Mexico law, "[i]n order to change the beneficiaries, the insured *generally* must comply with procedures adopted by the insurer or imposed by statute. If no such procedures exist, the courts may recognize a change desired by the insured if the intent is declared in an appropriate manner." *Matter of Schleis' Estate,* 1982-NMSC-010, ¶11, 97 N.M. 561, 563, 642 P.2d 164 (emphasis added). It is "generally" the rule that an insured must comply with the insurer's procedures because federal common law doctrine provides that the intent of the insured, or in other words the manifested desire of the insured, should be considered by Courts when evaluating these issues:

---

[4] *See also Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 427, 116 S. Ct. 2211, 2219 (1996) ("Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law").

> Strict compliance with the applicable regulations is not however requisite to the maintenance of that burden of proof. It is the generally accepted rule in cases involving policy provisions for change of beneficiary, that if the insured has manifested a desire and intent to change the beneficiary of his insurance, and has done everything reasonably within his power to accomplish this purpose, leaving only ministerial acts to be performed by the insurer, courts of equity will treat as done that which ought to be done, thereby giving effect to the intent of the insured.

*Bradley v. United States*, 143 F.2d 573, 576 (10th Cir. 1944). *See also Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 567 (7th Cir. 2002) (Considering "whether the insured evidences his or her intent and attempts to effectuate the change [of beneficiary] by undertaking positive actions") (internal quotations and citation omitted); *Phoenix Mut. Life Ins. Co. v. Adams*, 30 F.3d 554, 564 (4th Cir. 1994) (same)

Therefore, this Court must (1) look to the procedures of Fidelity and whether there is evidence of general compliance with those procedure and, if there is insufficient evidence of the procedures or general compliance with those procedures, then (2) the Court must look to the intent of the parties and whether that intent was declared in an appropriate manner.

Beginning with the first relevant factor, Fidelity's procedures require that a change in beneficiary must be made by the insured in a written request while the insured is still alive, and the request must be received by the company. (Doc. 1-2 at 8). Encinias has presented evidence that Fidelity has no record of Decedent's written request. Shipman, however, has also provided evidence, through his sworn affidavit, that Decedent filled out Fidelity's Change of Beneficiary Form changing her life insurance beneficiary from Encinias to Shipman, and she mailed the form to Fidelity. (Doc. 39, Ex. 3). Given the facts in the record, there is clearly a dispute as to whether Decedent generally complied with Fidelity's procedures to change the beneficiary of her life insurance policy. Because there is a dispute regarding this material fact, the Court cannot grant

6

summary judgment as requested by Encinias as it is for the factfinder to determine which evidence is more compelling and credible.

As to the second factor to consider, Encinias argues that even considering intent, Decedent did not do everything reasonably within her power to accomplish a change of beneficiary. Shipman, however, points out that Decedent did what the policy required – she provided her request in writing and mailed it to Fidelity. The Court again finds that there are also disputed issues of material fact concerning the intent of the Decedent and whether the circumstances are such that this Court should give effect to that intent.

## IV. CONCLUSION

The Court has determined that genuine disputes of material fact exist as to whether Florence Shipman intended to change the beneficiary of her life insurance policy from Encinias to Shipman and whether she generally or substantially complied with Fidelity's procedures to do so. Consistent with the standard set forth in Fed. R. Civ. P. 56(a), the Court cannot grant summary judgment to Defendant Encinias at this stage of the proceedings.

**IT IS THEREFORE ORDERED** that Defendant Encinias' Motion for Summary Judgment (**Doc. 27**) is **DENIED**.

**IT IS SO ORDERED.**

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

8